**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| HEATHER GUNN, <br><br> *Plaintiff*, <br><br> v. <br><br> CAPITAL ONE FINANCIAL CORP., <br><br> *Defendant*. | Civil Action No.: _____ |

**NOTICE OF REMOVAL**

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Pursuant 28 U.S.C. §§ 1441, and 1446, Defendant Capital One, N.A.[1] ("Defendant" or "Capital One"), hereby removes this action from the Montgomery County Circuit Court to the United States District Court for the District of Maryland, and states as follows for its Notice of Removal.  Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367, respectively.  Accordingly, Defendant removes this action to this Court and states as follows.

**I.    INTRODUCTION**

1.    On December 23, 2023, Plaintiff Heather Gunn ("Plaintiff") filed a Complaint against Defendant in the Montgomery County Circuit Court ("State Court"), styled *Heather Gunn*

_____

[1] The Complaint incorrectly identifies Capital One Financial Corporation as the defendant. The correct entity is Capital One, N.A.

1

*v. Capital One Financial Corp.*, Case No. C-15-CV-24-000167, seeking damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and for common law defamation. A copy of the Complaint is attached hereto as Exhibit A.

2.      Plaintiff served Defendant on January 29, 2024, and thus, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.      GROUNDS FOR REMOVAL

3.      In the Complaint, Plaintiff asserts an FCRA violation and a common law defamation claim.

4.      The Court has jurisdiction over the FCRA causes of action pursuant to 28 U.S.C. § 1331 as this federal claim arises under this Court's original jurisdiction and is founded on a claim or right arising under the Constitution, treaties, or laws of the United States and is removable without regard to citizenship or residence of the parties.

5.      The Court similarly has supplemental jurisdiction under 28 U.S.C. § 1367 over the defamation claim. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This provision constitutes "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). Here, the defamation cause of action forms part of the same case or controversy as the federal FCRA claim that is subject to federal question jurisdiction because the defamation claim relates to Capital One's reporting of Plaintiff's credit and financial profile.

6.      Accordingly, this case is removable pursuant to 28 U.S.C. § 1331 and § 1367.

Removal is proper.

### III.    VENUE

7.    Venue is proper in this Court because this District encompasses the State Court, which is the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.    NOTICE

8.    Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing Notice of Removal with the Clerk of the State Court and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing Notice of Removal (without its exhibits) is attached hereto as Exhibit B.

9.    Upon information and belief, the contents of Exhibits A-B constitute copies of all process and pleadings served upon the defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

10.    Defendant reserves the right to amend this Notice of Removal.

11.    By removing the case to this Court, Defendant does not waive any defenses, objections, or motions available to them under the applicable law.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant Capital One, N.A. hereby removes this action from the Montgomery County Circuit Court to the United States District Court for the District of Maryland and seeks whatever further relief this Court deems equitable and just.

Date: February 26, 2024                    Respectfully submitted,

/s/ Elizabeth M. Briones
Elizabeth M. Briones, AIS No. 2308070002
Troutman Pepper Hamilton Sanders LLP
401 9th Street NW, Suite 1000

3

Washington, DC 20004
P: 202-274-2937
elizabeth.briones@troutman.com
*Counsel for Defendant Capital One, N.A.*

## CERTIFICATE OF SERVICE

I certify that on the 26th day of February, 2024, a true and correct copy of the foregoing

*Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF electronic

filing system and sent via Federal Express to the Plaintiff:


Heather Gunn
110 Harmony Hall Rd
Gaithersburg, MD 20877
*Pro Se Plaintiff*


/s/ Elizabeth M. Briones
Elizabeth M. Briones, AIS No. 2308070002
Troutman Pepper Hamilton Sanders LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
P: 202-274-2937
elizabeth.briones@troutman.com
*Counsel for Defendant Capital One, N.A.*