**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

HEATHER GUNN

                                             Case No. 8:24-cv-00573-DKC

      Plaintiff,

v.

CAPITAL ONE FINANCIAL CORPORATION

      Defendant.

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

The Plaintiff, Heather Gunn, sues the Defendant and in support of his suit she alleges:

**PRELIMINARY STATEMENT**

1.      The Defendant has defamed Plaintiff and violated the Fair Credit Reporting Act.

**PARTIES TO ACTION**

2.      Plaintiff is a natural person residing in the state of Maryland.

3.      Capital One Financial Corporation ("Capital One"), is headquartered in Virginia and one of the largest banks in the United States, offers checking accounts, credit and debit cards, loans, insurance, payment protection, phone banking, bill pay, lending, and online banking services.

**FACTUAL ALLEGATIONS**

4.      Plaintiff obtained a credit card from Capital One in August 2015.

5.      In 2020, Ms. Gunn fell behind on her payments.

6.      Capital One charged off the account in 2021.

7.      In 2022, Ms. Gunn and Capital One entered into a payment arrangement.

8.      Pursuant to the payment arrangement, Ms. Gunn is making monthly payments.

9.      Capital One is or was reporting the credit card account to the three national credit reporting agencies, Equifax, Experian and Trans Union (collectively, the "CRAs").

1

10. Capital One is reporting the current payment status of the account as charged off.

11. Capital One is reporting in the payment history section of the reports that the account has not received any payments since the charge off.

12. Capital One is not reporting Ms. Gunn's payments in several other fields of the report—including the monthly payment field, last payment field or actual amount paid field, etc.—that should reflect Ms. Gunn's payments.

13. Capital One's reporting is inaccurate and incomplete because Capital One did not update its reporting of the account after Plaintiff entered into a payment agreement and began making timely payments in accordance with that agreement.

14. Notwithstanding entering into a new payment agreement with the Plaintiff, Capital One continued to report the account as if the debt was uncollectible.

15. Furthermore, despite receiving timely payments each month in accordance with the new payment agreement, Capital One continued reporting the account as if there were no payments being made on the account.

16. Plaintiff disputed the Capital One account with the credit reporting agencies.

17. The credit reporting agencies forwarded Plaintiff's dispute to Capital One.

18. Capital One processed Plaintiff's dispute quickly and in a cursory manner.

19. Although Capital One was provided a copy of Plaintiff's dispute letter by the CRAs, Capital One ignored the dispute letter, did not even read it and did not consider any of the information in Plaintiff's dispute letter when responding to Plaintiff's dispute.

20. Capital One simply checked its database that contained the erroneous credit information and made sure the information on the credit report matched.

21. If Capital One had checked its other databases, then Capital One would have discovered that the current status of the account and the payment history were inaccurate.

22. A careful investigation of Plaintiff's dispute would have led Capital One to report the status of the account as under a payment arrangement and to report the Plaintiff's payments in the payment history and other fields that pertain to payments.

23. Capital One concluded its investigation of Plaintiff's dispute by notifying the credit reporting agencies that the disputed information did not need to be modified or deleted.

24. Capital One's conclusion was erroneous and could have been prevented by a reasonable investigation of Plaintiff's dispute.

25. Either Capital One did not review Plaintiff's dispute letter or reviewed the letter and decided to ignore the issues raised in the dispute letter.

26. Although Plaintiff continued to dispute Capital One's reporting of the account, Capital One instructed the credit reporting agencies to report that the account was no longer being disputed by the Plaintiff.

## COUNT ONE: VIOLATION OF FCRA

27. Plaintiff incorporates paragraphs 1 through 26.

28. Capital One violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

29. Capital One violated 15 U.S.C. § 1681s-2(b)(1) by failing to review and consider all the relevant information that was provided from the credit reporting agencies.

30. Capital One violated 15 U.S.C. § 1681s-2(b)(1) by failing to report that the Plaintiff continued to dispute the information being reported in the account.

31. Capital One violated 15 U.S.C. § 1681s-2(b)(1) by failing to report the relevant mitigating circumstances concerning the payment status of the account.

32. Capital One violated 15 U.S.C. § 1681s-2(b)(1) by failing to delete the account.

33. Capital One's violations were the result of the Defendant's decision to implement policies, practices, and procedures that save money and increase profits rather than assure compliance with section 1681s-2(b)(1).

34. As a result of Capital One's violations of 15 U.S.C. § 1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

35. The violations by Capital One were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Capital One was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Capital One pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO: DEFAMATION

37. Plaintiff incorporates paragraphs 1 through 36.

38. Capital One furnishes information regarding Plaintiff's credit card to the credit reporting agencies on a monthly basis.

39. The information Capital One provided to the CRAs was contradicted by its own records and therefore, Capital One knew the information it was reporting was false.

40. Capital One did not care that it was providing false information regarding the Plaintiff because Capital One believes that the Plaintiff would be more motivated to pay the debt off faster if Plaintiff's account was reported in a manner that appeared more negative and derogatory than the actual status of the account

41. Capital One knew the credit reporting agencies would furnish credit reports containing the inaccurate information to third parties.

42.     Capital One's reporting constituted defamatory statements as the reportings were injurious to Plaintiff's credit and financial profile.

43.     Capital One knew that its false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

44.     Capital One's false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays:

A.     That the Court award actual damages of $100,000;

B.     That the Court award maximum statutory damages for FCRA;

C.     That the Court award maximum punitive damages;

D.     That the Court award costs and any reasonable attorneys' fees; and

E.     That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

*/s/ Jeffery W. Styles*
Jeffery W. Styles, Esq. (20659)
Washington Legal Group, LLC
1001 Connecticut Ave NW #1138
Washington, D.C. 20036
Tel: (202) 503-1708
E-mail: jstyles@washlegal.com

*Counsel for Plaintiff Heather Gunn*

5